# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

United States of America,                          Case No. 3:21-cr-00636-JGC

         Plaintiff

         v.                                       **ORDER**

Darian Scott Watkins,

         Defendant.

This is a criminal case in which the defendant, Darian S. Watkins, stands charged as a felon unlawfully in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Pending is the defendant's motion to suppress. (Doc. 8). On August 22, 2022, the government filed its opposition to the motion. (Doc. 26).[1] Following filing of those pleadings, I referred the motion to United States Magistrate Judge Darrell A. Clay to conduct further proceedings and submit a Magistrate Judge's Report & Recommendation. (NonDoc. Order 8.1.22).

On September 7, 2022, Magistrate Judge Clay held a hearing on the defendant's motion. He submitted his Report & Recommendation on September 14, 2022. (Doc. 27).[2] The Magistrate Judge, in a thorough opinion, recommended that I deny the motion to suppress.

---

[1] Exhibit 1 is an audio file ("911 "Audio File"); Exhibit 2 ("Body Cam[1]"), and Exhibit 3 ("Body Cam[2]").

[2] At my request, the Court Reporter provided a copy of her Real Time unedited/uncorrected transcript, which I file concurrently with this order.

The defendant filed his Objections to that recommendation on September 20, 2022, (Doc. 28). The government filed its Response thereto on September 29, 2022. That completed the briefing in this case.

As 28 U.S.C. § 636(b)(1) requires, I have conducted a *de novo* review of the entire record, including, *inter alia,* the Report & Recommendation (Doc. 27), the transcript and hearing exhibits, the parties' briefs, and the exhibits. On the basis of that review, I find the Report & Recommendation well taken in all respects. I adopt his recommendation that I deny the defendant' motion to suppress. (Doc. 15).

## Discussion

On March 17, 2021, Toledo Police Department officers responded to a 911 domestic violence call. The caller was the defendant's wife. During the call she stated her husband had assaulted her and that "he has a knife and a gun out." (Doc. 27, pgID 80 (citing Gov. Ex. 5)).

On arrival at the parties' apartment building, the officers found Mrs. Watkins outside the door of a first-floor apartment. They encountered the defendant as he was leaving the parties' second-floor apartment. Officers handcuffed and arrested him. A protective search followed; no one was in the apartment.

One of the Officers, Sgt. Okos, asked Mrs. Watkins where the gun was. (Tr. pg 81). She responded, "in the dresser." (*Id.*). Sgt. Okos then said, "Mind if I go get it?" Mrs. Watkins responded, "Tell him, I don't, I don't know. .. . I don't know. . . ." (*Id.*).

He then said, "OK. Mind if I go get it?" (*Id.*). She responded, "I don't care. I don't care. I don't care." (*Id.*). Sgt. Okos went into the apartment and, aided by the defendant's un-*Mirandized* but volunteered statements,³ found and seized the gun. (*Id.*).

The dispositive issue in this case is whether Mrs. Watkins, who undoubtedly had authority to consent to Sgt. Okos' entry and search, did so voluntarily when she said and twice repeated, "I don't care."

As the Magistrate Judge's Report & Recommendation makes clear, the law is well settled that the statement, "I don't care," when given in response to a request to conduct a search amply expresses consent. (Doc. 27, pgID 89) (citing *United States v. Alexander*, 954 F.3d 910, 918 (6th Cir. 2020)).

That being so, I find the defendant's Objections unpersuasive. The law does not require a pre-consent, quasi-*Miranda* warning to a consenting party about the right not to consent. *See United States v. Crowder*, 62 F.3d 782, 788 (6th Cir. 1995) (holding that "a Miranda violation by itself cannot require the exclusion of evidence gained [from a consent search] as a result of the unwarned statements"); *see also United States v. Castle*, No. CRIMA 3:05CR99-S, 2006 WL 1669874, at *16–17 (W.D. Ky. June 12, 2006). Nor does it require a formulaic expression of consent, such as, "Yes, I hereby give you my voluntary, uncoerced consent to conduct a search of my premises." *See, e.g., Alexander, supra*, 954 F.3d at 918; United *States v. Williams*, 754 F.2d 672, 675 (6th Cir. 1985) (finding that the comment, "You're looking," although "cryptic," was sufficient for voluntary consent).

---

³ The defendant's motion to suppress also sought to suppress his various statements. The government has represented that it will not use his statements at trial, so that issue is moot.

All that is needed is that a person of ordinary intellect? understood, under the totality of the circumstances, that a law enforcement officer was asking her permission to enter and search the premises, and that she, in some way and form, indicated that it was permissible to do so.. *See Crowder, supra*, 62 F.3d at 787 (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973)).

That is what happened here.

That being so, Magistrate Judge Clay correctly found that the entry, search, and seizure of the defendant's gun was entirely lawful and did not require a prior warrant.

That, in turn, being so, it is hereby

**ORDERED** that:

1. The defendant's Objections (Doc. 28) to the Magistrate Judge's Report & Recommendation (Doc. 27) be, and the same hereby are, overruled;

2. The Magistrate Judge's Report & Recommendation (Doc. 27) be, and the same hereby is, adopted as the Order of this Court; and

3. The defendant's motion to suppress (Doc. 15) be, and the same hereby is, denied.

A status/scheduling conference has been scheduled and will be held concurrently with a parole violation hearing on October 31, 2022 at 10:30 a.m.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge